UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NICOLE TUCKER,  CASE NO.:

    Plaintiff,

vs.

THE NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK

    Defendant.
_____/

# COMPLAINT

**COMES NOW** the Plaintiff, NICOLE TUCKER, by and through undersigned counsel, and hereby files suit against Defendant, THE NATIONAL RAILROAD PASSENGER CORPORATION better known as AMTRAK, (hereinafter known as "AMTRAK") based upon the following allegations:

## ALLEGATIONS TO ALL COUNTS

1. This is an action for damages in excess of the sum of Fifty Thousand Dollars ($50,000.00).

2. At all times material hereto, Plaintiff, NICOLE TUCKER, was and is a resident of the State of Florida specifically residing in Palm Beach County, Florida.

3. At all times material hereto, the Defendant, AMTRAK, was a Florida Corporation, incorporated under the laws of the state of Florida, and whose principal place of business was 201 S. Tamarind Avenue, West Palm Beach, Palm Beach County, Florida.

4. On or about September 10, 2022, the Plaintiff, NICOLE TUCKER, was lawfully on the property of the Defendant, AMTRAK, in Palm Beach County, Florida and while navigating stairs that were, unbeknownst to the Plaintiff at the time, wet, the Plaintiff slipped, fell, and suffered injury.

5. At all times material hereto, Plaintiff, NICOLE TUCKER, was legally and lawfully on the premises owned and controlled by Defendant, AMTRAK as business invitee / licensee.

6. At the time and place aforementioned, Plaintiff, NICOLE TUCKER, was caused to slip and fall due to the dangerous and hazardous condition of the subject corrugated metal stairwell steps.

7. At all times material hereto, Defendant, AMTRAK, was negligent in one or more but not limited to the following respects:

   a). failing to remove and remedy the dangerous hazardous condition of the subject corrugated metal stairwell steps.

   b). Failing to exercise reasonable care and safely maintaining the stairwell steps.

c). Failing to take reasonable steps to properly and safely maintain their corrugated metal stairwell steps.

d). Leaving the corrugated metal stairwell steps in a manner which created a dangerous and hazardous slippery condition.

e). Failing to make reasonable inspections of the premises to identify such dangerous and hazardous condition.

f). Failing to warn plaintiff of the dangerous and hazardous condition the defendant knew or should have known of.

g). Failing to exercise reasonable care under all of the relevant surrounding circumstances.

h). Violating accessibility codes concerning the area where the plaintiff was injured.

i). Failure to provide warning cones and or signs in the area to warn plaintiff of dangerous condition.

j). Failure to warn other members of the public of the dangerous and hazardous condition that the defendant knew or should have known of.

k). Failing to adopt, implement and maintain property safety procedures, maintain proper safety procedures.

  l).   Failing to take reasonable steps to remedy the dangerous and or hazardous condition.

8.   As a direct and proximate result, the aforementioned negligence, the Plaintiff, NICOLE TUCKER, slipped and fell to the floor, causing injury in and about her body.

9.   The dangerous and hazardous condition of the subject steps was created and or caused by or allowed to exist by the Defendant, AMTRAK, though its agents and or employees were aware or should have been aware that such wet and slippery substances occurred in the subject area of the steps. The Defendant, AMTRAK, had actual or constructive knowledge of the dangerous condition including the accumulated water in or about the area and failed to remove it, correct it or give notice of the known dangerous condition.

## COUNT I – NEGLIGENCE AND DAMAGES
## AGAINST DEFENDANT, AMTRAK

10.   The Plaintiff, NICOLE TUCKER, hereby realleges and reavers each and every General Allegation contained in paragraphs 1 - 9, above, as though fully set forth herein and further allege.

11.   That at all times material hereto, Defendant, AMTRAK, breached the above-mentioned duties in one or more but not limited to the following respects:

  a).   Failed to warn invitees and/ or the general public including Plaintiff, NICOLE TUCKER, of the slippery condition on the

        floor of the corrugated metal stairwell steps that Defendant, AMTRAK, knew of or should have known of existed.

b). Creating an unreasonably dangerous condition by allowing foreign substances to accumulate on the floor of its premises knowing it to be dangerous to the public and or guests including the Plaintiff, NICOLE TUCKER.

c). Permitting an unreasonable dangerous condition by allowing a foreign substance to accumulate on the pedestrian corrugated metal stairwell steps of the AMTRAK at issue, without warning signs surrounding it in an area known to be traversed by invitees and other members of general public including plaintiff knowing it to be a danger to the general public including the Plaintiff, NICOLE TUCKER.

d). Failing to properly inspect its premises to determine the presence of foreign substances slippery condition in the area which is the subject of this litigation which are known to be traversed by invitees and other members of the general public including the Plaintiff, NICOLE TUCKER.

12. As a direct and proximate result of this aforementioned negligence acts and or omissions by Defendant, AMTRAK, Plaintiff, NICOLE TUCKER, was injured

in and about her body, suffered aggravation of preexisting, pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of enjoyment of life and Plaintiff, NICOLE TUCKER, has incurred medical expenses in the care and treatment of said injuries in the past and will incur them in the future. All of said injuries are permanent within a reasonable degree of medical probability.

13. The dangerous and hazardous condition of the subject floor was known to the Defendant, AMTRAK, and its agent and or employees or had existed for a sufficient length of time so that the Defendant, AMTRAK, should have known about it.

14. Florida Statute 768.0755, Premises Liability for transitory foreign substances in a business establishment state as follows:

   a). The dangerous condition existed for such a length of time that in the exercise of ordinary care, the business establishment should have known of the condition or,

   b). The condition occurred with regularity and was therefore foreseeable.

15. The Defendant, AMTRAK, owned and controlled the subject floor which caused the incident which is the subject of this litigation.

16. The Defendant, AMTRAK, is vicariously liable for the negligence of their employees and or their agents who were negligent in failing to properly maintain and inspect the floor.

**WHEREFORE**, Plaintiff, NICOLE TUCKER, demands judgment for damages against the Defendant, AMTRAK, for damages in excess of fifty thousand dollars ($50,000.00) plus pre-judgement interest, the cost of this action, attorneys' fees, if appropriate and such other and further relief as this Court deems just and proper and further requests trial by jury on all issues so triable, and further demands trial by jury.

DATED this 27 day of February, 2025.

_____
Trent J. Swift, Esquire
Florida Bar No.: 93829
Attorneys for Plaintiff
Lytal, Reiter, Smith, Ivey & Fronrath
515 N. Flagler Drive, 10th Floor
West Palm Beach, FL  33401
Telephone: (561) 655-1990
Facsimile: (561) 832-2932
Email:  tswift@foryourrights.com
Email: lnetherland@foryourrights.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that that a true and correct copy of the foregoing has been served via Service of Process.

_____
Trent J. Swift, Esquire
Attorneys for Plaintiff